IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JASPAR MAYNES,**

      **Plaintiff,**

vs.                                                                                                                                           No. CIV 00-0689 LCS

**NEW MEXICO STATE HIGHWAY**
**AND TRANSPORTATION DEPARTMENT,**
**ALVIN DOMINGUEZ, PAUL LITTLE,**
**PAUL GRAY, MARK CASTILLO, and**
**JOHN DOES I-X,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendants' Motion to Dismiss (Doc. 9), filed July 10, 2000, and Defendant's Unopposed Motion to Stay Proceedings (Doc. 14), filed August 9, 2000. The Court, acting upon consent and designation pursuant 28 U.S.C. § 636, and having considered the Complaint, Motion, Memorandum, Response, Reply, relevant law, and being otherwise fully advised, finds that these Motions are well-taken in part and should be **GRANTED AND DENIED IN PART**.

**I.     Plaintiff's Allegations.**

In his Complaint, Plaintiff alleges as follows. Plaintiff was employed by the New Mexico State Highway and Transportation Department (NMSHTD) as a field engineer technician in construction inspection from May 9, 1988, until February 5, 1999. In late 1997, the NMSHTD

assigned him a small pick-up truck for use in his job duties. The small truck caused Plaintiff pain and spasms in his lower back and right leg. In October, 1997, Plaintiff reported his back problem to Placido Salaz, his supervisor, and requested a larger truck. Salaz told Plaintiff to speak to Earl Howard about trading his small truck for a larger one. Howard told Plaintiff that he would have to wait six months for a larger truck. In March, 1998, Plaintiff was assigned a larger truck.

On July 24, 1998, Dr. John Foster diagnosed Plaintiff with a back condition and notified NMSHTD that Plaintiff should be assigned permanent light duties. Dr. Foster and Dr. Woody also notified Rhonda Martinez, District Engineer with NMSHTD, of the accommodations required by Plaintiff, including truck size. On August 12, 1998, Plaintiff was assigned to light duties.

Approximately two weeks later, Defendant Dominguez demanded return of the larger truck. Shortly thereafter, Defendants replaced the larger truck with a small sedan, which aggravated Plaintiff's back condition. In a letter dated October 2, 1998, Dominguez stated that Plaintiff was to be transferred back to his original position. However, Plaintiff remained in his light duty position. On February 29, 1999, Plaintiff was constructively terminated due to the failure to accommodate his disability. Plaintiff filed a claim with the EEOC and received his right to sue letter on February 29, 2000.

On May 10, 2000, the Plaintiff brought this action asserting a claim under of the Americans with Disabilities Act ("ADA"), 42 U.S.C, § 12101, *et seq.,* (Count I) and a claim for unlawful termination (Count II). On July 10, 2000, Defendants filed a Motion to Dismiss pursuant to Fed.R.Civ.P.12(b)(6), contending that the ADA does not permit claims against individual public employees, that the Eleventh Amendment precludes ADA claims against the state, that Count II is barred by the Eleventh Amendment, that Count II is barred by sovereign immunity, and that the

claims against Defendants Little Gray, and Castillo should be dismissed for failure to allege a factual or legal basis against them.

## II.     Defendant's Motion to Stay Proceedings.

Defendants have moved to stay this action pending the United States Supreme Court's resolution of the issue of whether states have Eleventh Amendment immunity from claims brought under the ADA. Certiorari has been granted in a case raising this issue. *See Garrett v. University of Alabama at Birmingham*, 193 F.3d 1214 (11th Cir. 1999), *cert. granted*, 120 S. Ct. 1669 (2000). Plaintiff does not oppose a stay of all proceedings pending issuance of the *Garrett* decision.

The Court finds that the Motion to Stay is well-taken in part. *Garrett* may profoundly impact the outcome of this case. Accordingly, the portions of Defendant's Motion to Dismiss addressing the Eleventh Amendment shall not be addressed at this time. However, the issues currently before the Court that do not involve the Eleventh Amendment will not be affected by *Garrett*. Consequently, these issues should be addressed at this time. As a result of my rulings on the Motion to Dismiss, Plaintiff shall be permitted twenty days in which to file an amended complaint. Thereafter, the case shall be stayed until further order of this Court.

## III.    Defendants' Motion to Dismiss

### A.     Standard for Dismissal Under Federal Rule of Civil Procedure 12(b)(6).

Defendants have filed Motion to Dismiss. A case should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion

to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party. *See Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F. 3d 1226, 1236 (10th Cir.1999). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *See Ordinance 59 Ass'n v. United States Dep't of Interior Secretary*, 163 F. 3d 1150, 1152 (10th Cir.1998).

**B.     Analysis**

**1.     Whether the ADA claims against the individual Defendants should be dismissed.**

Defendants assert that the ADA claims against the individual defendants should be dismissed because they are not subject to liability under the statute. The ADA precludes personal capacity suits against individuals. *See Butler v. City of Prairie Village*, 172 F. 3d 736, 744 (10th Cir. 1999). In his Response to Motion Dismiss, Plaintiff states that his ADA claims are not brought against the individual employees. (Resp. to Mot. to Dismiss at 3.) Therefore, Plaintiff's ADA claims with respect to the individual Defendants shall be dismissed.

**2.     Whether the unlawful termination claim should be dismissed.**

The complaint does not indicate whether Count II, Plaintiff's claim for "Unlawful Termination" is brought under the ADA or state law. A plaintiff may assert constructive discharge as a component of an ADA claim. *See Cody v. Cigna Healthcare of St. Louis, Inc.*, 139 F.3d 595, 598 (8th Cir.1998). The Court notes that Count II may be construed as a claim for constructive discharge relating to Plaintiff's ADA claim. To the extent Count II alleges a claim for constructive discharge under the ADA, it is not addressed at this time.

Count II may also be construed as a claim for unlawful discharge under state law. However, it is unclear as to whether is such a state law claim would be grounded in tort or contract. In his Response to Motion Dismiss, Plaintiff states that he has not alleged a contract claim at this time, but may move to amend in complaint in the future to include one. (Resp. to Mot. to Dismiss at 14.) Therefore, Count II of the original Complaint shall not be construed as a breach of contract claim.

Count II may also be construed as a state tort claim for retaliatory discharge. Defendants correctly argue that such a claim is barred by sovereign immunity. Governmental entities and public employees are immune from liability for any tort except as specifically waived by New Mexico Tort Claims Act (NMTCA). *See* NMSA 1978, §§ 41-4-4; *Cobos v. Dona Ana County Hous. Auth.*, 126 N.M. 418, 421, 970 P.2d 1143, 1146 (1998). Sovereign immunity is waived under the NMTCA only with respect to specific, identified duties on the part of public employees that, if breached, could result in liability. *See* NMSA 1978, §§ 41-4-5 to 41-4-12. The statutory waivers of sovereign immunity do not encompass a tort cause of action for unlawful termination. *See Silva v. Springer*, 121 N.M. 428, 435, 912 P.2d 304, 311 (Ct. App. 1996). Therefore, the NMTCA does not waive sovereign immunity for a claim for unlawful termination of employment. Accordingly, Plaintiff's claim for unlawful termination should be dismissed as barred by sovereign immunity.

**3.     Whether the claims against Little, Gray and Castillo should be dismissed.**

Defendants argue that the claims against Little, Gray, and Castillo should be dismissed because no facts are alleges against these Defendants in the body of the complaint. The Complaint describes these individuals as employees of the NMSHTD, and supervisors of the Plaintiff at the time the incidents occurred. (Compl. ¶ 2.) The Complaint further states that these Defendants contributed to the violation of Plaintiff's rights under the ADA and that the wrongful acts "could not have

5

occurred without the virtue of their positions." (Compl. ¶ 31.) The Complaint contains no other references to Defendants Little, Gray, or Castillo. Plaintiff has not responded to this argument.

Where a complaint fails to allege that a defendant violated the law or injured a plaintiff, it should be dismissed as to that defendant. *See Sutton,* 173 at 1239. Because the original Complaint does not contain factual or legal allegations sufficient to hold Little, Gray, or Castillo liable, it should be dismissed without prejudice as to these Defendants.

In the alternative, the Motion to Dismiss should be granted with respect to these Defendants because Plaintiff failed to respond. The Local Rules of this Court provide that failure to serve or file a response in opposition to any motion constitutes consent to grant the motion. D.N.M.LR-Civ. 7.5(b). Plaintiff failed to respond to Defendants' Motion to Dismiss with respect to Little, Gray, and Castillo and therefore consented to the Motion. Accordingly, Defendants Motion to Dismiss with respect to Little, Gray, and Castillo should be granted pursuant to Local Rule 7.5(b), and the claims against these Defendants should be dismissed without prejudice.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Unopposed Motion to Stay Proceedings (Doc. 14), filed August 9, 2000, is **GRANTED AND DENIED IN PART**. Plaintiff shall file any amended complaint within twenty days. Thereafter, the case shall be stayed in all respects until further order of this Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 9), filed July 10, 2000, is **GRANTED AND DENIED IN PART**. Defendant's Motion to Dismiss with respect to the Eleventh Amendment is not addressed herein. Plaintiff's ADA claims with respect to the individual Defendants are **DISMISSED**. To the extent that Count II alleges a claim for constructive discharge

under the ADA, it is not addressed at this time.  To the extent that Count II alleges a tort claim under state law for unlawful termination it is **DISMISSED**.  Plaintiff's claims against Little, Gray, and Castillo are **DISMISSED** without prejudice to Plaintiff's ability to file an amended complaint containing claims against Little, Gray, and Castillo in compliance with this Memorandum Opinion and Order and the Federal Rules of Civil Procedure.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**